UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 4:12-cr-00020-DDN |
| | ) |
| JONATHAN CHASE, | ) |
| | ) |
| Defendant. | ) |

**SENTENCING MEMORANDUM**

COMES NOW Defendant, Jonathan Chase ("Chase" or "Defendant"), by and through counsel, John P. Rogers, and files the following memorandum for sentencing:

**I.   Factual and Procedural Background**

On January 30, 2012, the date of his initial appearance in this matter, Defendant pled guilty to the Information in the above-styled case. See Information; Docket.  He did so pursuant to a written agreement. See Presentence Report ('PSR") at ¶2.  In the agreement, the parties estimated a total offense level of 6, which yields a sentencing guidelines range of 0 to 6 months. See id. at ¶¶ 6, 63.  The PSR reflected the offense level anticipated by the parties.  See id. at ¶¶ 6. Chase has cooperated with the Government in this case, but does not anticipate that the Government will file a motion for a reduction in his sentence pursuant to U.S.S.G. §5K1.1 and 18 U.S.C. §3553(e).

**II.   Rules**

18 U.S.C. § 3553(a) requires this Court to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing.  There are four purposes to

1

sentencing[1] and six factors to consider in connection with them[2]. The Guidelines are only one factor to consider, see United States v. Kimbrough, 552 U.S. 85, 90 (2007), and deserve no greater weight than any other factor. See id. Consistent with these rules, this Court may not presume a sentence within the Guidelines' range reasonable. See Rita v. United States, 551 U.S. 338, 351 (2007). Nor may it presume unreasonable a sentence outside the Guidelines' range. See United States v. Gall, 552 U.S. 38, 51 (2007). Likewise, this Court may not require "extraordinary circumstances" to justify a sentence different from that which the Guidelines advise or "use a rigid mathematical formula to determin[e] the strength of the justification required for a specific sentence." See id. at 47. These rules apply whether the guideline derives from the expertise of the Commission or a policy determination of Congress. See Kimbrough, 552 U.S. at 109-110.

---

[1] The purposes of sentencing are:

| | | |
|---|---|---|
| (A) | to reflect the seriousness of the offense; to promote respect for the law; and to provide just punishment for the offense; |
| (B) | to afford adequate deterrence to criminal conduct; |
| (C) | to protect the public from further crimes of the defendant; and |
| (D) | to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. |

18 U.S.C. § 3553(a)(2)(A)-(D).

[2] The six factors to consider in connection with the purposes of sentencing are:

| | | |
|---|---|---|
| (1) | the nature and circumstances of the offense and the history and characteristics of the defendant; |
| (2) | the kinds of sentences available; |
| (3) | the guidelines promulgated by the Sentencing Commission; |
| (4) | any pertinent policy statement issued by the Sentencing Commission; |
| (5) | the need to avoid unwarranted sentencing disparities among similarly situated defendants; and |
| (6) | the need to provide restitution to the victims. |

18 U.S.C. § 3553(a)(1)-(7).

### III. Chase's History and Characteristics

Jonathan Chase was born on September 5, 1970, in Detroit, Michigan. See PSR at ¶ 39. His parents divorced when he was young, and each remarried during his childhood. Id. Chase graduated with a bachelor's degree from the University of Michigan in 1992. Id. at ¶ 49. He earned master of science and doctorate of philosophy degrees from Utah State University (1995) and the University of Chicago (1998), respectively. Id. at ¶¶ 50-51. He and his wife, Tiffany, have been married since 2002 and have a one year old son. Id. at ¶ 40.

Chase has been employed as a free-lance research scientist since July, 2011, and before that time, was employed for more than nine years as a professor of biology and research scientist with Washington University in St. Louis. See id. at ¶ 55. Chase has no history of substance abuse and no prior criminal history points. See id. at ¶¶ 36, 45-46. He has no prior criminal history or history of arrest. See id. at ¶¶ 34-38.

### IV. The Nature of the Offense

Chase made a total of $6,937.86 in unauthorized purchases utilizing procurement credit cards issued by his employer, which in turn caused the university to unknowingly pay for these purchases utilizing federal grant money. Id. at ¶ 17. On the date of his arrest and plea in this matter or shortly thereafter, Chase made full restitution in the sum of $6,937.86 to the victim. Id. at ¶ 74.

### V. Chase's Prompt Acceptance of Responsibility and Attempted Cooperation

Mr. Chase pled guilty promptly in this case, on the date of his initial appearance in this matter. Although he cooperated completely and truthfully with the Government's investigation, he anticipates that the Government does not intend to file a substantial assistance motion as, due to the nature of the offense, Chase had little useful information to contribute about any other

individuals.  Nevertheless, Defendant's attempted cooperation is a factor to be considered under § 3553(a).  United States v. Fernandez, 443 F.3d 19, 33 (2d Cir.2006). Moreover, such cooperation bears directly bears directly on a defendant's character and on how severe a sentence is necessary to provide deterrence and punishment, whose consideration is mandated by § 3553(a)(1) and (2).  United States v. Milne, 384 F.Supp.2d 1309, 1312 (E.D.Wis.2005) (holding that post- Booker, "courts may grant additional consideration to defendants who demonstrate acceptance beyond that necessary to obtain a two or three level reduction under § 3E1.1" because "such conduct bears directly on their character, § 3553(a)(1), and on how severe a sentence is necessary to provide deterrence and punishment, § 3553(a)(2)").

## VI. Mr. Chase's Prompt and Full Payment of Restitution

Early in the course of this case, Chase made restitution in full.  He delivered this payment on or shortly after the date of his initial appearance after being charged in this case by information.  Prompt full payment of restitution is a fact that is properly taken into consideration at sentencing.  See U.S. v. Hobbs, 2011 WL 5149153, *2 (3d Cir. Nov.1, 2011) (noting that district court adequately considered defendant's payment in full of restitution in reaching below-Guidelines sentence); U.S. v. Robson, 2007 WL4510259 (N.D. Ohio Dec. 18, 2007) (district court granted a downward variance based, in part, on defendant's payment in full, before being charged, of restitution). Here, Mr. Chase did not delay in paying restitution, but instead promptly paid restitution in full within days of his initial appearance in this case.

## VII. Mr. Chase's History and Characteristics Indicate That He Poses a Reduced Risk of Recidivism

Congressional legislation identifies Mr. Chase as among the offenders who generally merit a sentence of probation.  In delegating sentencing authority to the United States Sentencing Commission, Congress directed the Commission to impose sentences "other than imprisonment"

on non-violent first offenders who commit other than serious offenses.

> The Commission shall insure that the guidelines reflect the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense, and the general appropriateness of imposing a term of imprisonment on a person convicted of a crime of violence that results in serious bodily injury.

See 28 U.S.C. § 994(j). Chase is a first offender who committed a non-violent offense. Congress, moreover, identifies his offense as relatively non-serious by assigning to its offenders a range of punishment that permits probation and, as a misdemeanor, limits the possible term of imprisonment to not more than one year. See 18 U.S.C. 641, PSR at ¶62. In addition, 28 U.S.C. § 994(n) states:

> The Commission shall assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by statute as minimum sentence, to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.

28 U.S.C. § 994(n). Chase's prompt guilty plea and attempted cooperation reinforces the indication of 28 U.S.C. § 994(j) that Chase is among the offenders who generally merit a sentence of probation.

United States Sentencing Commission data support this classification. See e.g., United States Sentencing Commission, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines, A Component of the Fifteen Year Report on the United States Sentencing Commission's Legislative Mandate, 16 (May 2004) [hereinafter Recidivism Report]; Recidivism And The "First Offender": A Component of the Fifteen Year Report on the United States Sentencing Commission's Legislative Mandate (May 2004) [hereinafter First Offender Report]. The Guidelines deem "first offenders" generally less culpable and less likely

5

to re-offend than all other offenders.  See First Offender Report at 1.  However, the Guidelines broadly define first offender status.  Id; see also U.S.S.G. §§ 4A1.1.  The Commission, in fact, concedes it can narrow the definition to better identify those offenders who prove least culpable, least likely to re-offend, and therefore most deserving of the leniency recommended by 18 U.S.C. § 994(j).  Id.   In an on-going effort to do so, the Commission collected data on three categories of first offenders:  those with no criminal history points and (I) no prior arrests, (ii) prior arrests but no prior convictions or (iii) prior convictions counted under U.S.S.G. § 4A1.2(c)(2) only.  See id. at 5.  The Commission denominated the groups A, B and C, respectively.  Id.  It drew the following conclusion from its analysis:

> From both culpability and recidivism risk perspectives, group A offenders with no prior arrests, most strongly meet the conceptual definition of the first offender category.  Offenders in group A have had no recorded contact with the criminal justice system prior to their instant federal offense. Moreover, as indicated by their extremely low recidivism rate, 6.8%, they are easily the most empirically identifiable group of guideline federal offenders who are the least likely to re-offend.

See id. at 17.  Chase had no contact with the criminal justice system prior to commission of the instant offense; he, therefore, falls within group A.  See PSR at ¶¶ 34-38.  Accordingly, United States Sentencing Commission data also identify Chase as among the offenders who most merit a sentence of probation.

Other United States Sentencing Commission data reinforce the conclusion that Chase presents a very low likelihood of recidivism.  The criminal history measure of the guidelines estimates recidivism likelihood.  The measure relies on two offender characteristics:  prior convictions and prior terms of incarcerations.  See U.S.S.G. § 4A1.1.  See also Paul J. Hofer & Mark H. Allenbaugh, The Reason Behind the Rules: Finding and Using the Philosophy of the Federal Sentencing Guidelines, 40 AM. CRIM. L. REV. 19, 24 (2003).  The United States

Sentencing Commission's 15 Year Report, however, concludes that the measure's predictive power would improve if it incorporated additional offender characteristics.  See United States Sentencing Commission, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines, A Component of the Fifteen Year Report on the United States Sentencing Commission's Legislative Mandate, 16 (May 2004) [hereinafter "Measuring Recidivism"].

      Recidivism rates decline consistently as age increases.  Id. at 12. Offenders in Criminal History Category I under the age of 21 recidivate at a rate of 29.5%, and offenders between the ages of 21 and 25 recidivate at a rate of 22.3%.  Id. at 28.  In comparison, offenders in Criminal History category I between the ages of 41 to 50 recidivate at the rate of 6.9%, 22.6% less than those under the age of 21 and 15.4% less than those between 21 and 25 years of age.  Id.  Chase is 41 years old.  PSR at ¶ 39.

      Stable employment correlates with recidivism rates for offenders in the lowest criminal history categories. Measuring Recidivism at 12. Criminal History Category I offenders with stable employment in the year prior to their instant offense recidivate at a rate of 12.7%.  Id. at 29. Unemployed offenders in that same Criminal History Category recidivate at a rate of 20.6%. Id.  Chase has a history of consistent employment, at present and in the nine years prior to the instant offense.  PSR at ¶ 55.

      Illicit drug use correlates with recidivism rates, as well.  See Measuring Recidivism at 13. Criminal History Category I offenders who use illicit drugs in the year prior to their instant offense recidivate at a rate of 21.9%.  Id. at 29.  Offenders in that same Criminal History Category who do not use illicit drugs recidivate at a rate of 10.8%.  Id.  Mr. Chase has not used illicit drugs.  PSR at ¶ 45, 46.

7

Educational attainment correlates with recidivism rates.  See Measuring Recidivism at 12.  Criminal History Category I offenders who have not graduated from high school recidivate at a rate of 21.3%.  Id. at 29.  Offenders in the same Criminal History Category who have completed college recidivate at a lower rate of 7.1%, 14.2% less than those who have not graduated from high school.  Mr. Chase received a Bachelor of Science degree in 1992 and holds two advanced degrees.  PSR at ¶ 49, 50, 51.

Finally, marital status correlates with recidivism.  See Measuring Recidivism at 12.  Criminal History Category I offenders who have never married recidivate at a rate of 22.7 %.  Id. at 29.  Offenders in the same category who are married recidivate at a more than 12 % lower rate, 9.8%.  Id.  Chase has been married to his wife, Tiffany, since 2002.  PSR at ¶ 40.

Mr. Chase's history and characteristics indicate that he poses a reduced risk of recidivism.  This indication is supported by the existence of a supportive family structure around him, his current and continuing employment, his educational achievement and his prompt acceptance of responsibility and cooperation with the Government in this case.  This information reinforces the suggestion that a sentence of probation is appropriate in this case.

## VIII.   Conclusion

Mr. Chase is a 41-year-old father of a one-year-old who had never been arrested prior to his arrest in the instant case.  He promptly accepted responsibility and cooperated with the Government in this matter, providing a full and truthful account of his involvement and paying restitution in full, facilitating judicial and prosecutorial efficiency by pleading guilty the day of his arrest and initial appearance in this case.  His history and characteristics indicate that he is a positive candidate for rehabilitation and presents a low risk of recidivism.  Defendant respectfully suggests that a sentence of probation in this case will best satisfy the statutory

purposes of sentencing.


Dated: April 20, 2012	Respectfully submitted,

               ROSENBLUM, SCHWARTZ, ROGERS & GLASS, PC


          By: /S/ John P. Rogers
             JOHN P. ROGERS, #58154
             Attorney for Defendant
             120 S. Central Avenue, Suite 130
             Clayton, Missouri 63105
             (314) 862-4332
             Facsimile (314)862-8050
             jrogers@rsrglaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 4:12-cr-00020-DDN |
| | ) |
| JONATHAN CHASE, | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2012, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Ms. Dianna R. Collins, Assistant United States Attorney.

**Sentencing Memorandum**

ROSENBLUM, SCHWARTZ, ROGERS & GLASS, PC

By:   /S/ John P. Rogers
      JOHN P. ROGERS, #58154
      Attorney for Defendant
      120 S. Central Avenue, Suite 130
      Clayton, Missouri 63105
      (314) 862-4332
      Facsimile (314)862-8050
      jrogers@rsrglaw.com